IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARBARA TREJO                                                                PLAINTIFF

v.                                      CIVIL NO: 2:16-cv-2193-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Trejo, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). On October 11, 2016, the Defendants filed a motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF Nos. 11, 12. Despite having ample time to do so, the Plaintiff has not filed a response.

## I.      Procedural History:

Plaintiff filed an application for disability insurance benefits on November 25, 2013. Following an administrative hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's application for benefits in a decision dated April 16, 2015.  Plaintiff requested the Appeals Council to review the ALJ's decision. ECF No. 12-1. On May 26, 2016, the Appeals Council mailed a notice/letter of its action to Plaintiff's address, informing her that her request for review had been denied and notifying her of the right to commence a civil action within 60 days from the date of the receipt of the notice/letter. *Id.*

II.     **Applicable Law:**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. §

405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's

decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*,

593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45

L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to
> which he was a party, irrespective of the amount in controversy, may obtain a
> review of such decision by a civil action commenced within sixty days after the
> mailing to him of notice of such decision or within such further time as the
> Commissioner may allow.

The final decision of the Commissioner is binding unless the claimant files an action in a

Federal district court within 60 days after receipt of the notice of the Appeals Council's decision.

*See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the

date of such notice, unless there is a reasonable showing to the contrary made to the Appeals

Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court, in *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), ruled that

the 60-day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),

is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The

Eighth Circuit has upheld the 60-day time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th

Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

III.    **Discussion:**

Here, the Appeals Council's decision denying Plaintiff's request for review is dated May

26, 2016. In the letter, the Appeals Council explained that it would assume Plaintiff received the

letter five days after the date on it unless Plaintiff showed that she did not receive it within that 5-day period. ECF No. 12-1. The Appeals Council also notified Plaintiff that if she could not file for court review within 60-days, she could ask the Appeals Council to extend her time to file.

Accordingly, under the regulations, receipt of the notice would be presumed on May 31, 2016. Thus, to be considered timely, Plaintiff had to initiate her cause of action by August 1, 2016,[1] unless she showed that she did not receive the letter within the presumed 5-day period or filed for an extension. However, without requesting an extension or providing any explanation for the delay, Plaintiff waited until August 8, 2016, to file her Complaint. Accordingly, Plaintiff's Complaint is untimely and must be dismissed.

## IV.    Conclusion:

For the reasons stated above, the undersigned hereby grants the Defendants' Motion to Dismiss, and directs the Clerk to dismiss Plaintiff's Complaint with prejudice.

DATED this 29th day of November, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Sixty-five days from May 26, 2016, is actually July 30, 2016. However, this date fell on a Saturday, giving Plaintiff until Monday, August 1, 2016, to file her cause of action.

3